DORIS DUKE by her next friend *vs.* GEORGE G. ALLEN *et al.*,
Executors, and WILLIAM S. LEE *et al.*, Trustees,
and NANALINE H. DUKE.

FEBRUARY 15, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1) *Wills. Devises. Legal and Equitable Titles. Merger.*

Testator after devising certain real estate with the tangible personalty pertaining thereto to his wife for life, directed his executors to sell the same subject to the life estate at public auction, in whole or in part at the discretion of the executors and the will provided, "I give devise and bequeath" to his daughter "such a sum of money as will equal the gross amount of the proceeds from such sale of such property as she may purchase at such sale".

*Held,* that the will showed a clear and controlling intention of testator to give his daugher the remainder of the estate free and without expense if she wanted it, and notwithstanding the form, the fact was that the daughter if she received anything under such provision, was bound to get the property and not the money.

*Held,* further, that such being the case, there had been no equitable conversion of the property given, and no occasion for the application of the doctrine of election on behalf of the daughter.

*Held,* further, that the daughter being the sole heir and under the will the owner in equity of the remainder, the legal and equitable titles were in the same person and properly might be held to merge.

*Held,* further, that the daughter had the legal title which was subject to be divested by sale under the power and to quiet title it was proper for the executors and trustees to make a direct conveyance without conducting the sale.

BILL IN EQUITY for construction of will. Certified under G. L. 1923, cap. 339, sec. 35.

STEARNS, J. This is a suit in equity brought by Doris Duke by her mother and next friend against the executors of and trustees under the will of James B. Duke, and Nanaline H. Duke, individually, for the construction of and instructions in relation to said will, which being ready for hearing for final decree has been certified to this court for its determination (G. L. 1923, C. 339, s. 35).

All persons legally interested in testator's estate are parties or are represented in this suit and concur in the requests for construction and instruction.

The facts are undisputed.  James B. Duke, a legal resident of the State of New Jersey, deceased October 10, 1925, leaving complainant, a minor daughter, and Nanaline H. Duke, his widow, as his sole heirs at law and next of kin.

His will and codicil were duly admitted to probate in this State where testator had valuable realty and personalty. Testator made his wife testamentary guardian of the person and estate of his daugher.

Testator left an abundant estate, more than sufficient after the payment of all debts, charges and pecuniary legacies, to establish an educational trust with a large endowment.  He owned three valuable residences,—one in this State in Newport, another in New York City and a third in North Carolina.

By Item I of his will testator gives, devises and bequeaths these residences, with all the tangible personalty belonging or pertaining thereto, to his wife for her life with provisions that she shall not be liable for any consumption, injury, destruction, loss or waste, however occurring to either the realty or personalty.

Item II is as follows: "I direct and empower my executors, as soon as they reasonably can after my death, to sell the real and tangible personal property mentioned and described in Item I hereof (subject to the life estate thereby given therein to my said wife) by way of public auction, upon such terms and conditions, at such time and place, after such advertisement and as a whole or in such portions and parcels as my said executors may determine in their uncontrolled discretion; and to my beloved daughter, DORIS DUKE, I give, devise and bequeath such a sum of money as will equal the gross amount of the proceeds from such sale of such property as she may purchase at such sale."

The question of construction arises particularly under the provisions of Item II and concerns the treatment by the executors of the remainder in the Newport realty and the personal property connected therewith.

By other provisions of the will certain trusts are established, in part for the benefit of testator's daughter and widow. Throughout the will the affection of testator for his wife and daughter and his solicitous desire to make liberal provision for them are plain.

The widow by this suit seeks to eliminate the auction sale and to have the executors and trustees make a direct conveyance (subject only to the life estate) of the Newport estate, both realty and personalty, to her daughter. The respondents in their answers admit that an auction sale, subject as it is to the life estate, would tend to depreciate the market value of the realty, would cause an unnecessary expense and would be of benefit to no one interested in the estate. The executors and trustees are willing to make a direct conveyance but do not wish to act without the authority of this court.

Item XVI of the will provides that if any beneficiary under the will "near or remote, immediate or contingent" shall attempt to break the will or to evade or disregard any part of it, such beneficiary shall immediately upon the institution of any legal proceeding forfeit any benefit under the will. In view of this drastic provision the inducement of this proceeding is obvious.

The three residences disposed of by Item II had each, at different seasons of the year, been the home of testator and his family. It is a natural presumption, in view of the circumstances and of the provisions of the will, that it was testator's intention that the ownership of these family residences should continue in his family. Any adequate reason for the directions for sale by the executors is not apparent. The suggestion that these provisions were intended to affect the taxation of the estate is a possible explanation; the uncontrolled discretion given to the executors, joined with the limitation of method and time of sale by public auction at once after testator's death, furnishes some support for this conjecture. Such procedure inevitably would result in some loss to the estate. But

whatever the purpose, the inclusion in Item II of the clause whereby testator *devises* and bequeaths to his beloved daugher such sum of money as will equal the gross amount of the proceeds from such sale of such property as she may purchase at such sale, shows a clear and controlling intention of testator to give his daughter the remainder of the estate free and without expense, if she wants it. No one else can buy it without her consent as she can, without expense to herself, pay any price she may wish and thereupon receive a deed. The gift of money is stated to be a devise and bequest. It is not a gift of the proceeds of the sale. The payment of money out of testator's estate is to be conditional not absolute; to secure this, complainant is required to become the owner of the property in question. Notwithstanding the form the fact is complainant, if she receives anything under Item II, is bound to get testator's property and not his money. That testator's method of accomplishing this purpose is devious, does not change the situation. The testator's intention governs. He intended that his daughter should have the property and not a money equivalent. Such being the case, there has been no equitable conversion of the property given, and hence there is no occasion for the application of the doctrine of election on behalf of the minor complainant. The option to purchase, without actual cost, in effect is not different from the option which any devisee or legatee has to accept or reject a devise or bequest. Complainant is the sole heir and under the will she is the owner in equity of the remainder. The legal and equitable titles are in the same person and properly may be held to merge. But, as complainant as heir has the legal title which is subject to be divested by sale under the power, to quiet title we think it is proper for the executors and trustees to make a direct conveyance without conducting an auction sale which, in the circumstances, would be merely a formal procedure.

The parties may submit a form of decree on the seventh of March next in accordance with this opinion.

*Eliot G. Parkhurst, Edwards & Angell,* for complainant.

*Chauncey E. Wheeler, Hinckley, Allen, Tillinghast & Phillips,* for respondent trustees.

*George Hurley, Fitzgerald & Higgins,* for respondent Nanaline H. Duke.

*Norman S. Case, Greenough, Easton & Cross,* for respondent executors.